J-S56005-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ELIZABETH ANN EBERHART, | |
| Appellant | No. 152 MDA 2015 |

Appeal from the Judgment of Sentence November 17, 2014
in the Court of Common Pleas of Dauphin County
Criminal Division at No.: CP-22-SA-0000203-2014

BEFORE:  SHOGAN, J., JENKINS, J., and PLATT, J.[*]

DISSENTING MEMORANDUM BY PLATT, J.:     **FILED NOVEMBER 13, 2015**

I respectfully dissent.  For a sufficiency challenge, as noted by the learned Majority, we view the evidence in the light most favorable to the Commonwealth as verdict winner.  Applying that standard, I would find here that Appellant used language, indisputably obscene in common parlance and understanding, three times, as fighting words to provoke, or risk provoking, the victim, with the intent to cause annoyance or alarm to her and the five children she had in tow, as well as recklessly creating a risk of harm to them and to the other bystanders.

"[F]ighting words are words that by their very utterance inflict injury or tend to incite an immediate breach of the peace.  The use of such words

_____

[*] Retired Senior Judge assigned to the Superior Court.

is not a constitutionally protected right." ***Commonwealth v. Hock***, 728 A.2d 943, 946 n.3 (Pa. 1999) (citations and internal quotation marks omitted).

Notably, this is not a case of confrontation with the police or other law enforcement like ***McCoy***, ***supra*** at 661, or "a single profane remark . . . to a police officer" as in ***Hock***. ***See Hock***, ***supra*** at 412. Nor is it an obscenity case like ***Miller v. California***. I am concerned that the cases applying the obscenity test in ***Miller*** to the disorderly conduct statute may misapprehend the purpose of that test. ***Miller*** only sought to decide which literary works or creative expressions that depicted sexual conduct were obscene. ***See Miller***, ***supra*** at 24. As such, it should never apply to a street confrontation, like the one here.

***Miller*** addresses whether the depiction of a sex act in a literary or otherwise expressive "work" is "patently offensive" or "lacks serious literary, artistic, political, or scientific value." ***Miller***, at 24. Our disorderly conduct statute addresses public conduct which risks or creates "public inconvenience, annoyance or alarm." 18 Pa.C.S.A. § 5503 (a). Therefore, extrapolating the obscenity test in ***Miller*** to a disorderly conduct charge will never suffice for a conviction under the "obscene language" prong of section 5503(a)(3) because the statute addresses an entirely different situation than whether a literary or other media depiction of sex acts is obscene. We

presume "that the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable." 1 Pa.C.S.A. § 1922(1).

This result also contradicts our rules of statutory construction, which, in pertinent part, provide that "[e]very statute shall be construed, if possible, to give effect to **all** its provisions[,]" 1 Pa.C.S.A. § 1921(a) (emphasis added).

Further, disregarding obscene language on this basis misses the point of the statute, which plainly proscribes the use of such provocative language in a public confrontation (or, put another way, makes the use of such language an element of the crime). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921(b).

"Under the statute, whether a defendant's words or acts rise to the level of disorderly conduct hinges upon whether they cause or unjustifiably risk a public disturbance. The cardinal feature of the crime of disorderly conduct is public unruliness which can or does lead to tumult and disorder." *Hock*, *supra* at 946 (citation and internal quotation marks omitted). Appellant here used provocative language which risked a public disturbance, three separate times, causing annoyance and alarm. I would affirm the judgment of sentence.

Therefore, I respectfully dissent.